The Honorable Lindbergh Thomas State Representative P.O. Box 505 Grady, AR 71644
Dear Representative Thomas:
You have requested an Attorney General opinion concerning municipal police officers' coverage under the Arkansas Local Police and Fire Retirement System (LOPFI).
More specifically, you have asked:
 Is coverage under LOPFI mandatory for police officers in a city whose local plan was established prior to LOPFI's enactment?
RESPONSE
Summary of Conclusions
It is my opinion that the answer to this question will depend upon whether the local plan in question is a "relief fund," within the meaning of the laws that govern LOPFI. The term "relief fund," for purposes of those laws, is defined as follows:
(28) "Relief fund" means:
 (A) Any police officers' pension and relief fund created by state law, applicable to police officers, and covering one (1) or more persons on December 31, 1982[.]
A.C.A. § 24-10-102(28).
Coverage under LOPFI is not mandatory for any of the officers in a city that did not have a "relief fund" (as that term is defined in the above-quoted statutory definition) in place on January 1, 1983, unless that city opts to cover its officers under LOPFI.[1] If such a city so opts, it is mandatory that all officers employed on the date the city opts into LOPFI, and all those hired after that date be covered under LOPFI.
If the local plan in question is a "relief fund" (as that term is defined in the above-quoted statutory definition) that was in place on January 1, 1983, coverage under LOPFI is mandatory for police officers who were hired on or after January 1, 1983 (LOPFI's operative date). However, it is not mandatory for police officers who were hired before January 1, 1983, in that city.
DISCUSSION
1. Cities Without "Relief Funds"
This question, as it affects cities that did not have "relief funds" in place on January 1, 1983, is governed by A.C.A. § 24-10-302(a), which states:
 (a) Each political subdivision without a relief fund in effect on the operative date may elect, by a majority vote of its governing body, to become an employer and cover its employees under the system, as follows:
 (1) The clerk or secretary of the political subdivision shall certify, in a manner and form acceptable to the board, the determination of the political subdivision to the board within ten (10) days from and after the vote of the governing body. The effective date of the political subdivision's coverage shall be the first day of the calendar month next following receipt by the board of the determination;
 (2) An employer may cover its employees who are police officers or its employees who are fire fighters, or both groups.
A.C.A. § 24-10-302(a).
In contrast to the mandatory language of A.C.A. § 24-10-302(b), which governs cities with "relief funds," the above-quoted language is plainly discretionary, using the term "may," rather than the word "shall." Marcumv. Wengert, 344 Ark. 153, ___ S.W.3d ___ (2001) (the word "may" indicates that described action is discretionary, whereas the word "shall" indicates that described action is mandatory).
Thus, cities without "relief funds" in place on January 1, 1983, can choose to cover their officers under LOPFI, but they are not required to do so. It should be noted that once a city has chosen to do so, it is mandatory that its officers be covered under LOPFI. See A.C.A. §24-10-301(a)(4).
2. Cities With "Relief Funds"
a. New Hires
This question, as it affects officers hired after the operative date of LOPFI in a city with a "relief fund" in place on the operative date, is addressed by A.C.A. § 24-10-301 and -302.
The pertinent part of A.C.A. § 24-10-301 states:
(a) The membership of the system shall include the following persons:
* * *
 (2) If his employer had its police officers covered by a relief fund on the operative date,[2] each person first employed as a police officer on or after the operative date shall become a member of this system and not be a member of the relief fund[.]
A.C.A. § 24-10-301(a)(2).
Mandatory coverage for new hires in a city with a "relief fund" is also addressed in A.C.A. § 24-10-302, as follows:
 (b) Each political subdivision with a relief fund in effect on the operative date shall become an employer on the operative date and cover its employees under the system, as follows:
 (1)An employer with a relief fund covering police officers shall cover its future police officers;
* * *
 (c) After the effective[3] date, a political subdivision shall not commence coverage of its employees who are police officers or fire fighters under another plan similar in purpose to this system, except social security.
A.C.A. § 24-10-302(b)(1) and (c).
The language of the two above-quoted statutes is unambiguous. This mandatory language clearly requires cities whose local relief funds were in effect on the operative date of LOPFI to cover all officers who are hired after the operative date under LOPFI.
b. Pre-LOPFI Employees
It is clear from another section of A.C.A. § 24-10-302 that although cities may opt for LOPFI coverage of its officers who were hired prior to the enactment of LOPFI, they are not required to do so. Moreover, they may not change the nature of those employees' local relief fund coverage even if they do choose to cover them under LOPFI. The pertinent part of A.C.A. § 24-10-302 states:
 (d)(1) In the event an employer has in effect for all or part of its employees a plan similar in purpose to this system, then by agreement with the board, after the board has received the advice of its technical advisors concerning the agreement, that employer may provide for coverage under this system of either part or all of the employee's employment previously covered or coverable by the other plan, but only if the coverage and resulting benefits under this chapter do not duplicate any benefits previously provided by the other plan.
 (2) In providing for such coverage, an employer and the board shall pursue uniform policies and shall not discriminate in favor of or against any employee or group of employees.
 (3) Should an employer cover, under the system, its employees who are covered by a relief fund benefit program, the system coverage means the administration of the relief fund and shall not change the relief fund benefit program.
 (e) In the event an employee has service that is covered by, or is eligible to be covered by, or has resulted in benefit payments from, another retirement system which is supported by state funds or is authorized by the laws of the state, the coverage and benefits of the other retirement system shall not be forfeited or terminated because of other and separate service which is eligible for the Arkansas Local Police and Fire Retirement System coverage, but only if the coverage under the other plan and the resulting benefits thereunder do not duplicate any benefits or service credit coverage provided by the system.
A.C.A. § 24-10-302(d)(e).
Conclusion
In a city that did not have a "relief fund" (as that term is defined in A.C.A. § 24-10-102(28)) in place on January 1, 1983, coverage under LOPFI is not mandatory for any of its officers. In a city that did have a "relief fund" in place on January 1, 1983, coverage of officers hired after January 1, 1983 is mandatory. Coverage of officers hired by that city prior to January 1, 1983, is not mandatory.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] To the extent that this conclusion conflicts with the conclusions stated in Attorney General Opinion No. 99-088, the present opinion should be deemed to supersede Opinion No. 99-088.
[2] The term "operative date," as used in A.C.A. § 24-10-301, above, is specifically defined in A.C.A. § 24-10-102(33) to mean January 1, 1983.
[3] The term "effective date," as used in A.C.A. § 24-10-302, above, is specifically defined in A.C.A. § 24-10-102(34) to mean July 1, 1981.